**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3735
_____

MEHMET KOSE,
                                              Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                           Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A073-168-616)
Immigration Judge:  Honorable Alberto J. Riefkohl
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 2, 2012
Before:  FUENTES, JORDAN and VAN ANTWERPEN, <u>Circuit Judges</u>

(Opinion filed: July 6, 2012 )
_____

OPINION
_____

PER CURIAM

Mehmet Kose petitions for review of a decision of the Board of Immigration

Appeals (BIA).  For the reasons below, we will deny the petition for review.

Kose, a native of Turkey, entered the United States in 1989 as a crewman.  In

March 2000, he was placed in removal proceedings, and an Immigration Judge denied his

application for adjustment of status. The BIA dismissed his appeal. In 2005, he filed a motion to reopen before the BIA which was denied. In July 2011, he filed another motion to reopen with the BIA in which he argued that there were changed country conditions in Turkey. The BIA denied the motion to reopen as untimely, and Kose filed a timely petition for review.

We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for an abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). An alien generally may file only one motion to reopen, and must file the motion with the BIA "no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). The time and number requirements are waived for motions that rely on material evidence of changed circumstances arising in the country of nationality. 8 C.F.R. § 1003.2(c)(3). We must uphold the BIA's factual determinations if they are supported by substantial evidence. Liu v. Att'y Gen., 555 F.3d 145, 148 (3d Cir. 2009). Under that standard, we can reject the BIA's findings only if "any reasonable adjudicator would be compelled to conclude to the contrary." Id. (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).

Kose argues that members of his religion, the Alevi faith, are denied building permits and that discriminatory laws restrict their ability to operate houses of worship in Turkey. He contends that the refusal of building permits and the lack of recognition by the Turkish government constitutes persecution. He asserts that these policies leave

2

Alevis unable to practice their religion. In his petition for review, however, Kose admitted that Alevis are permitted to practice their faith. The BIA noted that there were efforts by the Turkish government to find peaceful solutions to the grievances of Alevis.

Kose also refers, without citation, to evidence of tensions between Alevis and Sunni Muslims. The BIA acknowledged Kose's evidence of the influx of Sunni Muslim refugees from Syria and incidents of violence between Alevis and Sunni Muslims. It observed that those isolated incidents occurred in southeastern Turkey while Kose was from northwestern Turkey. Kose does not challenge the BIA's finding.

In one sentence at the end of his brief, Kose asserts that he has submitted substantial evidence that his marriage to a Sunni woman will lead to persecution. The BIA observed that Kose had not offered evidence to support his claim that he would be persecuted for being in a mixed marriage. Kose has not shown that the record compels a contrary finding; in fact, he has not pointed to any evidence in the record to support this undeveloped argument.

The BIA concluded that Kose's evidence did not show a material change in the conditions in Turkey. Kose has not shown that the BIA abused its discretion denying his motion to reopen.

For the above reasons, we will deny the petition for review